**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

Klavsvik Farms, LLC

Bky Case No.: 26-60501
Chapter 12 Case

Debtor(s).

**NOTICE OF HEARING ON CONFIRMATION OF AND FILING OF CHAPTER 12 PLAN DATED NOVEMBER 4, 2026**

PLEASE TAKE NOTICE that pursuant Local Rule 3015-1(c), the hearing on Confirmation of the Chapter 12 Plan for the above-named Debtor(s), has been scheduled for Wednesday, December 16, 2026, at 1:30 p.m.

The hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

Any objection to the Chapter 12 Plan must be filed and served not later than Wednesday, December 9, 2026, which is seven (7) days before the hearing. **UNLESS AN OBJECTION OPPOSING THE CHAPTER 12 PLAN IS TIMELY FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT A HEARING.**

**Velde Moore, Ltd.**

Date: November 4, 2026

s/Logan Moore
Logan Moore (ID #312083)
Attorney for (Debtor(s)
Velde Moore, Ltd.
1118 Broadway
Alexandria, MN 56308
320-763-6561

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY #26-60501
Chapter 12

Klaksvik Farms, LLC

Debtor(s)

**CHAPTER 12 PLAN OF REORGANIZATION**
**DATED November 4, 2026**

## PART 1: TERM AND EFFECTIVE DATE

This plan shall continue for a period of five years from its effective date. The date of the entry of the order first confirming a plan is the effective date. The term "Debtors" shall be used throughout the plan regardless of whether the filing is a business, a single individual, or joint individuals.

## PART 2: LIQUIDATION ANALYSIS

The debtors' net equity in their property liquidation, after deducting the amounts of the secured claims and exemptions, is $2,705,886.00. The priority class (but not including attorney's fees) and non-priority unsecured class of claims described below shall receive, in total, a minimum of $2,705,886.00 or payment in full of allowed claims, whichever is less. The debtors' liquidation analysis is attached to this plan.

## PART 3: DISPOSABLE INCOME

For the term of this plan, all of the debtors' disposable income (income not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the debtors and their dependents), regardless of the amount, will be paid to the Trustee. The Trustee shall disburse these funds first to any unpaid priority claims (including administrative expenses and Trustee's fees) and second to non-priority unsecured creditors.

## PART 4: LIVING EXPENSES

The debtors' projections of living expenses are $60,000.00. The debtors shall limit their annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon applications of a party in interest.

## PART 5: COSTS OF ADMINISTRATION AND PROFESSIONAL FEES

Claims for compensation and expenses of professionals and Court costs shall be paid upon approval by the Court and as directed by the Court or the terms of this plan.

**Class 1: Trustee's Fees.** The Chapter 12 Trustee shall make application to the Court for approval of trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The debtors shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtors, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein. Creditors shall only accept direct payment from the debtors if specified in the plan.**

**Class 2: Debtors' Attorney' Fees.** Debtors' attorney will apply to the Court for compensation in this case for attorney's fees, administrative work and reimbursement of costs and expenses incurred during the representation of the debtors pre- and post-petition. Upon approval of such compensation by the Court, the debtors shall make periodic payments to the Chapter 12 Trustee as outlined in the table below. The amounts in the table are estimates only, and the Debtors shall provide additional funds as necessary to compensate the debtors' attorney fees. The debtors shall provide additional funds as is necessary to provide for the Trustee's 5% fee when making these payments.

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 2/1/2027 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| 2/1/2028 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| 2/1/2029 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| 2/1/2030 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| 2/1/2031 | $ 2,000.00 | $ 100.00 | $ 2,100.00 | trustee |
| Total | $ 10,000.00 | $ 500.00 | $ 10,500.00 | |

## PART 6: SECURED CLAIMS AND RETENTION OF LIENS

The term "secured claim" as used in this Plan shall mean an allowed claim in an amount equal to the value of a creditor's interest in real or personal property, as set forth in this Part or order of the Court. The balance of the total allowed claim held by a given creditor shall be deemed to be an unsecured claim. However, nothing in this Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of the unsecured portion of the claim. If a creditor seeks to claim fees, costs, and expenses as part of its secured claim under 11 U.S.C. § 506(b), the creditor must seek court approval of all section 506(b) fees, costs and expenses before their addition to the outstanding balance owed on the debtor's loan(s). All creditors whose claims are treated as secured in this plan shall retain their liens on the collateral securing their respective claims as specified in the plan and until such claims are paid in full in the amount allowed as secured. A creditor shall release its lien(s) upon payment in full of the secured claim held by the creditor as set forth in this Plan or order of the Court. Except as modified by the terms of this Plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference.

If the value of creditor's interest in real or personal property is such that the creditor does not have a secured claim as defined and set forth in this Part, said creditor shall release its lien upon the entry of an order of discharge by the Court. The balance of the total allowed claim by the creditor shall be deemed to be an unsecured claim. However, nothing in the Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of the unsecured portion of the claim.

Upon confirmation of the debtors' chapter 12 plan, all creditors must endorse the debtors' post-petition crop checks, 2026 crop and thereafter, unless the Court grants a secured creditor a lien against crops after granting a motion to incur secured indebtedness.

**Class 1:** John Deere:

Total Claim 1,744,113.05, Amount secured 1,744,113.05, Amount unsecured 0.00,Interest Rate 7.0, Term and Payment Frequency seven years, Dates Adjusting the Interest Rate n/a, Due Date 2/1/2033. Debtor shall maintain insurance on collateral and John Deere shall retain its lien until which time all payments are made. John Deere shall effectuate the transfer/release of its collateral to the debtor upon full payment of the amounts listed above. Debtor is obligated to directly pay John Deere $160,000.00 for adequate protection in 2026 which shall be credited towards the 2027 payment.

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 2/1/2027 | $ 163,625.79 | $ 8,181.29 | $ 171,807.08 | trustee |
| 2/1/2027 | $ 323,625.79 | $ 16,181.29 | $ 339,807.08 | trustee |
| 2/1/2028 | $ 323,625.79 | $ 16,181.29 | $ 339,807.08 | trustee |
| 2/1/2029 | $ 323,625.79 | $ 16,181.29 | $ 339,807.08 | trustee |
| 2/1/2029 | $ 323,625.79 | $ 16,181.29 | $ 339,807.08 | trustee |
| Total | $ 1,458,128.95 | $ 72,906.45 | $ 1,531,035.40 | |

**Class 2:** Bell Bank: Collateral JD 835M Gator

Total Claim 15,815.18, Amount secured 15,815.18, Amount unsecured 0.00,Interest Rate 7.0, Term and Payment Frequency seven years, Dates Adjusting the Interest Rate n/a, Due Date 2/1/2033. Debtor shall maintain insurance on collateral and Bell Bank shall retain its lien until which time all payments are made. Bell Bank shall effectuate the transfer/release of its collateral to the debtor upon full payment of the amounts listed above.

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 2/1/2027 | $ 2,934.56 | $ 146.73 | $ 3,081.29 | trustee |
| 2/1/2027 | $ 2,934.56 | $ 146.73 | $ 3,081.29 | trustee |
| 2/1/2028 | $ 2,934.56 | $ 146.73 | $ 3,081.29 | trustee |
| 2/1/2029 | $ 2,934.56 | $ 146.73 | $ 3,081.29 | trustee |
| 2/1/2029 | $ 2,934.56 | $ 146.73 | $ 3,081.29 | trustee |
| Total | $ 14,672.80 | $ 733.64 | $ 15,406.44 | |

**Class 3:** Bell Bank: Collateral 2022 Dodge Ram 3500

Total Claim 42,187.72, Amount secured 42,187.72, Amount unsecured 0.00,Interest Rate 7.0, Term and Payment Frequency seven years, Dates Adjusting the Interest Rate n/a, Due Date 2/1/2033. Debtor shall maintain insurance on collateral and Bell Bank shall retain its lien until which time all payments are made. Bell Bank shall effectuate the transfer/release of its collateral to the debtor upon full payment of the amounts listed above.

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 2/1/2027 | $ 7,828.07 | $ 391.40 | $ 8,219.47 | trustee |
| 2/1/2027 | $ 7,828.07 | $ 391.40 | $ 8,219.47 | trustee |
| 2/1/2028 | $ 7,828.07 | $ 391.40 | $ 8,219.47 | trustee |
| 2/1/2029 | $ 7,828.07 | $ 391.40 | $ 8,219.47 | trustee |
| 2/1/2029 | $ 7,828.07 | $ 391.40 | $ 8,219.47 | trustee |
| Total | $ 39,140.35 | $ 1,957.02 | $ 41,097.37 | |

**Class 4:** Bell Bank: Collateral Pontoon

The debtor shall surrender the pontoon in lieu of the debt. Bell Bank shall be granted an unsecured claim for any deficiency to be paid in Part 9.

**Class 5**: Alerus: Collateral Real Property/Farm Yard

The debtor shall refinance and satisfy his loan with Alerus secured by its mortgage by December 31, 2027. The collateral has sufficient equity to provide Alerus with adequate protection until its loan is satisfied.

**Class 6:** Nations Lending: Collateral Real Property/Lake Cabin

The debtor shall refinance and satisfy his loan with Nations Lending secured by its mortgage by December 31, 2027. The collateral has sufficient equity to provide Nations Lending with adequate protection until its loan is satisfied.

**Class 7:** Bell Bank: Collateral Real Property/White House and Farm House

The debtor shall refinance and satisfy his two loans with Bell Bank secured by its mortgages by December 31, 2027. The collateral has sufficient equity to provide Bell Bank with adequate protection until its loans are satisfied.

**Class 8:** Freeman:

Freeman possesses a priority claim on the debtor’s 2026 crop. This claim of $150,000.00 shall be paid upon the harvest of the 2026 crop.

## PART 7: EXECUTORY CONTRACTS AND LEASES

This Part consists of executory contracts and leases existing as of the date of filing already not otherwise already classified by this plan as secured claims. All other executory contracts and leases are rejected unless specifically assumed in this Part. The debtors assume the following executory contracts and leases:

| |
|---|
| Retainer Agreement for Chapter 12 Services with Velde Moore, Ltd. |
| All farm programs administered by Farm Service Agency and the United States Department of Agriculture |
| LSI: debtor will assume this contract for a 2004 Peterbuilt and 2013 Timpte Trailer |

## PART 8: PRIORITY AND OTHER ADMINISTRATIVE EXPENSE CLAIMS

Allowed priority and allowed administrative expense claims, other than those separately addressed under Part 5 and Part 10, shall be paid in full by the debtors. The amounts listed below are estimates. The Trustee will pay the amounts actually allowed. Nothing in the Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance or classification of the claim. The debtors will submit all disposable income to the Trustee for payment of priority and non-priority claims. Notwithstanding, the debtors shall make minimum payments to this class on the schedules set forth below.

**Class 1:** **Click here to enter text.**. This creditor has filed a priority claim in the amount of $Click here to enter text.. The debtors will pay the claim pursuant to the following schedule:

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| Total | $ - | $ - | $ - | |

**Class 2: Priority and Unsecured Claim** Click here to enter text.. This creditor has filed a priority claim in the amount of $Click here to enter text.. The debtors will pay the claim pursuant to the following schedule:

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| | | $ - | $ - | |
| Total | $ - | $ - | $ - | |

## PART 9: NON-PRIORITY UNSECURED CLAIMS

This class consists of allowed non-priority unsecured claims, including, but not limited to, allowed non-priority unsecured claims of creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, allowed non-priority unsecured claims resulting from the value of a secured claim being of a value less than the creditor's collateral, allowed non-priority claims of those secured creditors whose claims are determined to be unsecured, allowed non-priority governmental claims arising under 11 U.S.C. § 1232, and allowed non-priority unsecured claims for taxes and penalties which are not included in any other Class. Payments made to this Class shall be disbursed by the Trustee pro-rata based on

the amount of allowed claims existing on the date of disbursement. Nothing in this Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of a claim. As of the date of the filing of the plan, non-priority unsecured claims total approximately $380,020.53. The debtors propose to withhold each year sums of money for reasonable and necessary expenses to preserve and continue the debtors' farm operation as authorized under 11 U.S.C. Section 1225(b)(2)(B). Such expenses include, but are not limited to, the purchase of capital improvements, machinery, equipment, as well as operating expenses including, but not limited to, the purchase of livestock, feed, and crop inputs. The debtors will submit all disposable income to the Trustee for payment of priority and non-priority unsecured claims. Notwithstanding, the debtors shall make minimum payments to this class on the following schedule in order to meet the best interests test. Pursuant to Bankruptcy Rule of Civil Procedure 3021, the Trustee shall not make any distributions to non-priority unsecured claims until the final month of last confirmed plan. Any non-governmental, unsecured claims associated with claims filed after the non-governmental claim filing deadline, October 16, 2026, are disallowed as these creditors did not timely file claims. These claims will not be included in the pro rata distribution under Part 9 and will be discharged upon the debtor receiving a discharge in this case.

| Payment Due Date | Payment Amount | Trustee's Fees | Total Payment | Paid by |
|---|---|---|---|---|
| 2/1/2028 | $ 95,005.14 | $ 4,750.26 | $ 99,755.40 | trustee |
| 2/1/2029 | $ 95,005.14 | $ 4,750.26 | $ 99,755.40 | trustee |
| 2/1/2030 | $ 95,005.14 | $ 4,750.26 | $ 99,755.40 | trustee |
| 2/1/2031 | $ 95,005.14 | $ 4,750.26 | $ 99,755.40 | trustee |
| | | $ - | $ - | |
| Total | $ 380,020.56 | $ 19,001.03 | $ 399,021.59 | |

## PART 10: 11 U.S.C. § 1232 GOVERNMENT CLAIMS

Governmental claims arising under 11 U.S.C. § 1232 (1) shall be treated as non-priority unsecured claims arising before the date on which the petition is filed; (2) shall be treated under Part 9 of the plan (Non-Priority Unsecured Claims), provided that the claim is not otherwise disallowed, (3) shall not be entitled to priority treatment under 11 U.S.C. § 507; and (4) shall be discharged in accordance with 11 U.S.C. §§ 1228 & 1232. If the debtor files a tax return after the filing of the petition for a period in which a claim under 11 U.S.C. § 1232(a) arises, and the claim relates to the tax return, the debtor shall serve notice of the claim pursuant to 11 U.S.C. § 1232(d)(2) & 505(b). Nothing in this Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of a claim.

## PART 11 EXECUTION OF PLAN AND CASH FLOW ANALYSIS

The debtors propose to continue their farming operations and make the plan payments out of farm or other income. The debtors' projections of income, operating expenses, and plan payments are attached as Exhibit B.

## PART 12 GENERAL PROVISIONS

1. The Court shall retain jurisdiction over the debtors and his property for the term of the plan. Property of the estate vests upon dismissal, conversion, or completion of plan payments due during the term of the plan.

2. As part of the continuing farm operation, the debtors shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. The debtors shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

3. For the duration of the Chapter 12 plan, the debtors shall seek Court approval to obtain credit or incur debt outside the ordinary course of business.

4. For the duration of the Chapter 12 plan, the debtors shall seek Court approval to use, sell, or lease property outside the ordinary course of business.

5. Either the debtors or any creditor may record this plan and the Order confirming this plan with the Office of the County Recorder of each county in which the debtors have an interest in real estate without violation of the automatic stay.

Dated: November 4, 2026

Klaksvik Farms, LLC

Signed: /e/ Dana Klaksvik, President

Debtor 1: Klaksvik Farms, LLC

/e/ Logan Moore, #312083
Tele: (320) 763-6561
Fax: (320) 763-6564
Email: logan@veldemoore.com

## Comparison

| | Corn | Soybeans | Total |
|---|---|---|---|
| Yield | 177 | 43.91 | |
| Acres | 100 | 1,919.71 | 2,019.71 |
| Production | 17,700 | 84,289.49 | 101,989.49 |
| Average Cash Price | $4.30 | $11.15 | |
| Crop Revenue | $76,063.17 | $939,617.09 | $1,015,680.26 |
| Other Revenue | $15,348.74 | $294,651.26 | $310,000.00 |
| **Total Revenue** | **$91,411.91** | **$1,234,268.35** | **$1,325,680.26** |
| Land Cost | $15,000.00 | $306,511.66 | $321,511.66 |
| Seed | $0.00 | $93,803.59 | $93,803.59 |
| Fertilizer | $0.00 | $0.00 | $0.00 |
| Chemical | $1,637.01 | $64,555.73 | $66,192.74 |
| Drying | $2,655.00 | -- | $2,655.00 |
| Fuel | $5,250.00 | $67,189.85 | $72,439.85 |
| Repair | $3,218.28 | $61,781.72 | $65,000.00 |
| Crop Insurance | $4,573.00 | $44,153.33 | $48,726.33 |
| Labor | $6,931.69 | $133,068.31 | $140,000.00 |
| Equipment Payments | $9,902.41 | $190,097.59 | $200,000.00 |
| Other | $2,228.04 | $42,771.96 | $45,000.00 |
| **Total Cost** | **$51,395.44** | **$1,003,933.73** | **$1,055,329.17** |
| Cost Per Unit | $2.90 | $11.91 | |
| **Total Profit/Loss** | **$40,016.47** | **$230,334.62** | **$270,351.08** |
| Breakeven Yield | 119.6 | 46.91 | |

| Asset LLC | Value | Lien | Creditor | Exemption | Estate |
|---|---|---|---|---|---|
| Bell Bank Checking | 3,000 | | | | 3,000 |
| Planted Crops | 957,150 | 150,000 | Freeman | | 807,150 |
| 2 Steers | 6,000 | | | | 6,000 |
| JD 835M Gator | 36,000 | 15,705 | Bell | | 20,295 |
| Non PMSI Equip./vehicles | 727,900 | | | | 727,900 |
| 2020 JD 745F | 65,000 | 37,283 | JD | | 27,717 |
| 2014 JD 9510R | 229,750 | 232,194.68 | JD | | |
| 2013 JD 9560RT | 200,750 | 131,240.93 | JD | | 69,509 |
| 2021 JD S780 | 284,750 | 339,378 | JD | | |
| 2014 JD 2730 | 72,500 | 46,402.30 | JD | | 26,098 |
| JD DB60 | 310,000 | 414,076.83 | JD | | |
| 2023 JD 2660Vt | 127,500 | 135,679.60 | JD | | |
| 2019 JD R4038 | 260,000 | 359,677.65 | JD | | |
| Prepaid supplies | 7,500 | | | | 7500 |
| Patronage dividends | 149,893 | | | | 149,893 |
| 2022 Dodge 3500 | 45,000 | 41,954 | Bell | | 3,046 |
| Farm Yard | 660,000 | 450,000 | Alerus | | 210,000 |
| Total | | | | | 2,058,108 |
| | | | | | |
| Asset Personal | Value | Lien | Creditor | Exemption | Estate |
| Lake Cabin homestead | 650,000 | 266,448 | nations | | 383,552 |
| white house | 370,000 | 333,000 | bell | 510,000 | |
| farm house | 225,000 | 190,000 | bell | | 35,000 |
| 1/3 interest in lake lot | 100,000 | | | | 100,000 |
| 04 Peterbuilt & 13 Timpte | 103,000 | 74,628.52 | LSI | | 28,371 |
| 2016 suburban | 16,000 | 6,000 | wife's lien | 10,000 | |
| 1978 F150 | 3,000 | | | | 3,000 |
| pontoon | 40,000 | 30,497 | bell | | 9,503 |
| 2000 larson speed boat | 7,500 | | | | 7500 |
| 2020 lund | 34,000 | | | | 34,000 |
| 1993 camper | 500 | | | | 500 |
| household goods | 5,000 | | | 5,000 | |
| dock and fish houses | 5,000 | | | | 5,000 |
| firearms | 40,000 | | | | 40,000 |
| clothing | 1,000 | | | 1,000 | |
| bell checking | | | | | |
| bell savings | 1,351 | | | | 1351 |
| Total | | | | | 647777.48 |